CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJK

JUL 09 2013

JULIA C. DUDLEY, CLERK
BY: HMcOmee
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VAN LAMAR THORNTON, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:13-cv-00281 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| JASON BRYANT, <u>et al.</u>, <br> Defendants. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Van Lamar Thornton, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Jason Bryan and M. McKinney, two correctional officers employed by the Virginia Department of Corrections ("VDOC"). Plaintiff alleges that defendants' negligence contributed to plaintiff's injuries. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the record, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

On April 13, 2011, defendants were escorting plaintiff, who was handcuffed and shackled, inside the courthouse in Grundy, Virginia. Defendants were several steps behind plaintiff when plaintiff slipped and fell down a flight of stairs, injuring his back. Plaintiff argues that defendants are liable for negligently escorting him because VDOC policy requires escorting officers to keep their hands on an inmate during an escort. Plaintiff demands $4,740,000 for pain and suffering.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based

upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must describe how a defendant acted with deliberate indifference to a substantial risk of serious harm to state a violation of the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828 (1976). "Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." Id. at 835 (internal quotation marks omitted). Instead, "[d]eliberate indifference requires a showing that [a] defendant[] actually knew of and

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

disregarded a substantial risk of serious injury. . . ." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

Plaintiff fails to allege any deliberate indifference by either defendant. Plaintiff merely accuses defendants of negligently escorting him by not keeping their hands on him to control his movements. Furthermore, plaintiff fails to establish how walking down stairs in handcuffs and shackles constitutes a substantial risk of serious harm. Moreover, a violation of a VDOC policy does not automatically constitute a violation of a federal right. Accordingly, plaintiff fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 9th day of July, 2013.

Senior United States District Judge